UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL J. ESTEVEZ,

        Plaintiff,

      v.                                                        Case No. 21-cv-0756-bhl

SCOTT LOHMAN, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Michael J. Estevez, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at the Door County Jail. Dkt. No. 1. On July 21, 2021, the Court screened and dismissed the original complaint for failure to state a claim upon which relief could be granted, and it gave Estevez an opportunity to file an amended complaint within 30 days of the date of the order. Dkt. No. 9. Estevez filed an amended complaint on August 9, 2021. *See* Dkt. Nos. 10-1 and 12. This order screens and dismisses the amended complaint.

### FEDERAL SCREENING STANDARD

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim

under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

At the relevant time, Estevez was an inmate at the Door County Jail. Dkt. No. 10-1 at 1-2. Defendants Scott Lohman and Tammy Sternard were correctional staff at the jail. *Id*.

On or around March 19, 2018, Sternard gave Estevez a memo stating that "all outgoing privileged mail must be left opened to be searched for contraband." *Id*. at 3. About two months later, on May 27, 2018, Estevez put out a legal manilla envelope "clearly addressed to [his] attorney with sensitive legal material pertaining to [his] cases." *Id*. Lohman opened the envelope and went through his outgoing privileged legal mail outside of Estevez's presence and without his

consent. *Id*. Estevez states that the policy to search privileged legal mail was effective until December 14, 2018. *Id*. For relief, Estevez seeks monetary damages. *Id*. at 4.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

An inmate has a general First Amendment right to send and receive mail but that right does not preclude officials from inspecting mail for contraband. *See Wolff v. McDonnell*, 418 U.S. 539, 575-76 (1974). "Legal mail," such as correspondence between an inmate and his attorney, is entitled to greater protections because of the potential for interfering with an inmate's right of access to the courts. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010) ("[S]ince the purpose of confidential communication with one's lawyer is to win a case rather than to enrich the marketplace of ideas, it seems more straightforward to base the concern with destroying that confidentiality on the right of access to the courts."). Prison officials may inspect (but not read) certain types of legal mail; and legal mail must be labeled "privileged" or "legal mail" to be afforded protection. *Id*. at 804-05; *see also Jenkins v. Huntley*, 235 F. App'x 374, 376-77 (7th Cir. 2007). Only repeated instances of a prisoner's legal mail being opened by prison officials outside of his presence are actionable. *See Guajardo-Palma*, 622 F.3d at 805.

To state a claim regarding interference with legal mail, a plaintiff must also allege that he lost a legal claim or suffered an injury from the alleged violation. *Ray v. Wyciskalla*, 461 F. App'x 507, 509 (7th Cir. 2012). As the Seventh Circuit has explained, "suppose a letter arrives at the prison that is known to be from a prisoner's lawyer to the prisoner, and a prison guard reads it and makes a copy for his superiors in order to give them insight into their opponent's litigation

strategy." *Guajardo-Palma*, 622 F.3d at 802. "This would give the defendants a litigating advantage sufficient…to violate the prisoner's constitutional right to access to the courts." *Id*. "[B]estowing it on one side of a litigation and denying it to the other side can place the denied side at a critical disadvantage." *Id*. Thus, absent allegations that an inmate lost a legal claim or suffered an injury, his assertion that prison staff opened and read legal mail outside of his presence is insufficient to state a §1983 claim. *Ray*, 461 F. App'x at 509.

The Court will dismiss this case for failure to state a claim upon which relief can be granted. First, Estevez alleges that Sternard implemented a "policy" at the jail to inspect "all outgoing privileged mail for contraband." Dkt. No. 10-1 at 3. But the Seventh Circuit has long held that even privileged legal mail can be searched for contraband. *Wolff*, 418 U.S. at 575-76. There is nothing unconstitutional about Sternard's decision to implement this policy at the Door County Jail in March 2018. Estevez fails to state a claim against Sternard.

Second, Estevez alleges that, pursuant to this policy, Lohman conducted a search of his privileged legal mail outside of his presence. Dkt. No. 10-1 at 3. While legal mail should be inspected in an inmate's presence to ensure that staff do not read the correspondence, Estevez only identifies one incident—May 27, 2018—when his legal mail was allegedly inspected outside of his presence. Only repeated instances of a prisoner's legal mail being opened by prison officials outside of his presence are actionable. *See Guajardo-Palma*, 622 F.3d at 805 ("An isolated interference with the confidentiality of such communications is different; its effect on prisoners' access to justice is likely to be nil."). Further, Estevez does not allege that the manilla envelope was labeled "privileged" or "legal mail." Simply addressing an envelope to an attorney is not enough to trigger protections. *See Guajardo-Palma,* 622 F.3d at 804 ("Prison officials cannot be certain, just from the return address on an envelope, that a letter is [for] a lawyer…[i]f prison officials had to check in each case whether a communication was [for] an attorney before opening it for inspection, a near impossible task of administration would be imposed."). Finally, Estevez

also does not identify any lost legal claim or injury he suffered from that one isolated incident. Estevez therefore fails to state a claim against Lohman. The Court notes that Wisconsin's three-year statute of limitations applies to causes of action accruing on or after April 5, 2018. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing 2017 Wis. Act 235 (eff. Apr. 5, 2018)). As noted above, Estevez only alleges facts involving one incident—from May 27, 2018—thus, this lawsuit filed on June 18, 2021 is also likely barred by Wisconsin's statute of limitations by about three weeks.

The remainder of Estevez's allegations, i.e., that he was "prohibited" from doing a variety of things including making phone calls to certain people, taking to other inmates, and having certain visitors, are merely conclusory and not grounded in specific facts sufficient to provide defendants notice of a plausible claim. *See* Dkt. No. 10-1 at 2-3. Estevez does not identify when these incidents happened, who was involved, or what these individuals said or did that amounted to a "prohibition" on certain phone calls, communications, and visitors. *See id.* The Court has already given Estevez one opportunity to amend the complaint to describe these specific facts. *See* Dkt. No. 9 at 2-3. The Court therefore concludes that an additional opportunity to amend the complaint to *again* identify the same information would be futile. The Court will dismiss this case. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (noting that the Court need not provide an opportunity to amend if amendment would be futile).

## Conclusion

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin this 12th day of August, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.